Granger, O. J.
Was the first defense, as stated, sufficient? Section 103 of the Act of March 23,1840 (S. & C., 585), reads thus:
“No executor or administrator,after having given notice of his appointment, as provided in the eighty-first section of this act, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four *420 years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned.”
The excepted cases are described in, and provided for, by sections 104,105,106, and 107 of said Act (S. & C., 586). The case before us is not one of them.
While, as a general rule, statutes .'of limitation are strictly construed, their practical wisdom is admitted; and their true intent and meaning, when ascertained according to established rules of interpretation, must be enforced whenever a pleader invokes their aid in sufficient form. The section before us is a part of what is popularly known as “the Administration Act.” Considering the controlling importance of a prompt settlement of the estate of a decedent, so that his creditors may be paid, and the shares of his heirs or legatees ascertained and distributed, the provisions that claimants against the estate shall prosecute their claims within so many months, or years, stand upon a footing somewhat different from the ordinary statute of limitations, behind whose bar the debtor himself may take refuge. Such provisions should be construed in furtherance of the main purpose and intent of the entire statute. It is plain that the General Assembly considered that four years, computed from the moment when the law created a responsible representative of the decedent, competent to allow or reject claims, and liable to suit upon rejected claims, was as much time as ought to be allowed for. any ordinary creditor to delay the distribution of an estate. This time is clearly, defined as four years. Of course this four years ought not to begin to run until the law has completed the creation of a responsible representative of the decedent. Under the act of 1840 the qualification of the executor, or administrator, was not completed until he had complied with the requirement that he should give a bond. It was natural therefore for the draftsman of section 103 to use the words “ from the time of his giving bond as aforesaid ” as synonymous with “the time of his appointment and qualification.” But on February 5, 1847, another act was passed (S. & O., 614) authorizing the court, in case of such *421 a will as that of Truman Jones, to “grant letters testamentary without bond.” We cannot believe that the legislature intended to create two classes of executors: one subject to suit within four years, and the other unprotected except by the ordinary statute of limitations. The fair presumption is, that, as the act of the court of probate, dispensing with the bond, took the place of the bond itself, the qualification of the executor was completed by his acceptance; so also does that act of the court take the place of the giving of the bond, in determining when the four years shall start. Unless this construction be adopted, some strange and inconvenient results must follow.
Section 98 (S. & C., 584) provides that no executor or administrator shall be liable to the suit of a creditor of the deceased until after the expiration of eighteen months from the date of Ms administration bond, or the further time allowed by the court for the collection of the assets of the estate. Unless the words, “ the date of his administration bond” in this section be construed as meaning “the time when his qualification was completed,” no executor in whose case the court had dispensed with a bond, could ever be sued on a claim allowed by him, until eighteen months after a successful application to the court for an order requiring a bond, followed by the actual giving of such bond. Again, section 63 forbids an extension of time for the collection of funds of the estate beyond five years from the date of the administration bond. A literal construction would allow an indefinite extension in favor of such an executor as the one now before us.
All the provisions, however, become harmonious if the words referring to the time of giving bond, or to the date of the bond, be construed as a form intended to specify the time when the qualification of the executor was completed. The time remains the same. It is the time “ of the giving of the bond,” whether the bond be then actually given, or such giving is then dispensed with by the court.
But it is urged that the first defense as stated presented *422 no fact; that it averred nothing but matter of law. If this was so, the court did not err in treating it as no defense.
The answer begins with a statement of the appointment and qualification of the executor on the 20th day of August, 1872, under a will admitted to probate on that day; that the executor advertised his appointment, settled the estate, paid its debts, and on May 24, 1878, filed his final account, which was duly advertised according to law. This preliminary statement should be treated as part and parcel of each of the defenses that follow it, so far as they are relevant thereto. The petition had stated that the claims had been presented to the executor on June 22,. 1876. It was unnecessary for the defendant to re-state any fact set up in the petition. Hence, taking that date furnished by the petition, the preliminary general statement in the answer, and the three lines specially designated “First cause of defense ” together, we have the following defense, to wit:
The qualification of the defendant as executor was completed on August 20, 1872; the plaintiff’s claims were such that he could have called for their allowance as due at any time after said date;_ he never presented them until June 22, 1876; he never sued upon them until October 6, 1876 ; and “the same were not presented for allowance, or sued upon within the time allowed by law, and are therefore barred.” It is true, a shorter statement would have been sufficient. Instead of giving dates that showed the lapse of more than four years, the pleader might have written that “ the action was not commenced within four years from the time,” etc.
Possibly.the statement of the appointment “in pursuance of the provisions of said will” may be so indefinite, that a motion to make the first defense definite and certain, ought to have been sustained if made. But no such motion was made. The trial proceeded as if the defense was sufficient until the charge of the court in effect struck it from the answer.
It is urged that, as the notice of appointment could be given within three months after August 20,1872, and the *423 answer failed to state w7ien the notice was complete, the four years did not begin until November 20, 1872. But a reference to section 103 will show, that, although the giving of the notice within three months is necessary in order to start the running of the four years; whenever the notice was so made, the four years is to be computed as beginning at “the time of the giving of the bond.” In this case that time was the time of the appointment, and its acceptance by the executor. The answer averred that defendant “ took letters” on the same day (August 20, 1872.)
We are satisfied with the decision of the district court, and its judgment is affirmed.